Tuexey, J.
delivered the opinion of the court.
This is an indictment against Hodges for a libel, for which he was tried and convicted. The proof establishes the fact, that the libel complained of was written by the defendant, and sent to the prosecutor, Rose, through the post office. It does *114 not appear that there was any publication of this libel to a third person; and the indictment contains no allegation, that the intention of the defendant, in sending the letter, was to provoke the prosecutor to a breach of the peace. The Judge charged the jury, that “if defendant sent, by mail, a libellous letter, sealed up, directed to the prosecutor, and the prosecutor received it from the post office where he resided, that this amounted to a publication in law.” This charge is erroneous. I; The reception of a libellous letter, which has not been read or heard by some third person, is no publication of a libel, though the offence of sending a libellous letter is indictable, provided the bill of indictment allege, that the intention of sending it was]to provoke a breach of the peace, j In Hawkins, vol. 1, ch. 28, sec. 11, it is laid down, that though there be no publication, yet the sending a letter to the party himself, filled with abusive language is indictable, because it tends to a breach of the peace, in order to revenge the insult received. In 2 Starkie’s Rep. 243, it is held, that “if there be no publication to a third person, the indictment must allqj|;e an intention to provoke a breach of the peace.” 3 Chitty Criminal Law, 871. The proof then in this case did not support the bill of indictment. The charge of the Judge upon the law, as to publication, was erroneous, and a new trial should have been awarded.
Let the judgment be reversed.